Good morning, Most Honorable Justices. I think the papers that we've filed speak for themselves. This was an inadvertent situation where both plaintiff and defendant had not filed a joint pretrial order. However, as we've indicated, the memorandum of contentions of fact and law had been filed. The exhibit list for witness exhibit lists have been filed. The witness lists have been filed. And it was initially the pretrial conference was set for June the 13th, at which time the court dismissed it for lack of prosecution for not having filed. That was not the initial conference, was it? Pardon me? No, that was there had been a number of continuances because there was an attempt to settle the case. We had asked for continuances, and then the court on its own at one point also had continued the matter. So when we get to the operative dates, June 13th, 2005, which was the pretrial conference, we did not have the joint pretrial order. But all the other documents had been filed. The trial was set for July the 12th, which is still some time away. And we believe that what the court should have done is continue the pretrial conference possibly the following week, June the 20th. We believe it was an abuse of discretion to have such a harsh sanction as dismissal of the case. What would be, in your view, the basis? What would we say to the district court on this record? Well, you'd say to the district court that it didn't really look at the five criteria in Thompson, that there was not really a question of case management, in that there was still sufficient time to have the another pretrial conference with the filing of the pretrial order, that there was no real opportunity, there was no other sanction that would be less harsh. There could have been a monetary sanction. I don't think an issue sanction would have been appropriate because we had the contentions of law and fact. Your opponent will be here in a minute, and I suppose we'll hear his side of the thing. But your difficulty, one of the difficulties you talk about, well, we inadvertently did it. We have to look at the timing, and this record shows how much time passed before the order was followed through. Now, maybe the court should have given different reasons, but the court gave the reason, and the record supports the reason the court gave. You didn't file it, and you certainly had adequate opportunity to file it, didn't you? Well, there was adequate time, but the court, it wasn't until June the 13th that the court said anything about the lack of having a joint pretrial order in the file. It wasn't until I heard you. How many times do you have to be reminded? Pardon me? How many times do you have to be reminded? It doesn't count the first time that I get a court order. It counts only after I get 15 reminders. Well, but there weren't subsequent orders issued to that effect. We believe we had every one. To what effect? It said you're supposed to do something. You didn't do it, right? I understand that. Okay. And that was in the beginning, but it wasn't that we were admonished for not having one in each subsequent time that there was. That's a reminder. You only have to just ignore a court order once. That's when you end up in trouble. I understand that. Counsel, doesn't our Thompson precedent say that specific factors are to be reviewed? Well, the Thompson, it says the public interest and expeditious resolution of the litigation was arguably the. Here the judge did not march through or even walk through the Thompson factors, right? That's correct. He gave a summary ruling. You know, in my view, just as one judge, is that maybe what he did could be sustained, but he didn't follow our precedent, and I feel we have to send it back. So as far as I'm concerned, you might want to save some time for rebuttal in your argument, see if your opponent has an answer to Thompson. Mr. Frankfurt, you didn't know you were getting a friendly question when you first heard it. That was a friendly question. I'll save my time then. Good. You can make your argument as you choose, but you might want to pinpoint the question that was raised by Judge Gould. I will, Your Honor. Yes, Thompson did set forth those five factors. I should let you introduce yourself. Yes, I'm sorry. Edward Morales on behalf of the appellees in this appeal. The Thompson five factors were not followed by the Court, and in that instance, we look at the record as a whole for abuse of discretion. And in appellee's viewpoint, in looking at the record as a whole, there does not appear to be an abuse of discretion. What we have here are three requested continuances, which are set forth in appellant's excerpts of record, granted three times by the Court. And in addition to that, the – well, based on that record, the Court could infer that, you know, the three continuances that plaintiffs were not – were acting in a dilatory manner. And that is similar to the Thompson matter. In the Thompson matter, the Court – that Court, although it actually cited the five reasons, it only considered the fact that there had been multiple continuances in that matter. And based on that information, the district court could infer that dilatory conduct occurred and, therefore, a dismissal for lack of prosecution was appropriate. If you want to pinpoint the question you ask, though, he didn't go through the steps. He didn't tell us one, two, three, four, here's what we're doing and here's why. And that's the question. Do we remand and tell him to do it? Or is there a basis to affirm? And so what we would do is we would have a record before the district court and that's what we should do. We should remand and get a statement of reasons from the district court. I mean, this Court either can, you know, proceed on the record before it or it could remand and obtain a statement of reasons from the district court. And if that's what this Court would decide, we would support that. We would support that. Thank you. But looking, in my view, looking at the record before us, there is no basis upon which to find abuse of discretion. I mean, I don't know of any authority that says that if a district court does not follow the five Thompson factors, that that's abuse of discretion. The case law before us, the appellate courts just reviewed the record as a whole and came to a conclusion whether or not they could find abuse of discretion based on the record. Here also, generally, generally in other areas of the law, we say that a failure to follow the law is an abuse of discretion, or at least in certain areas we say that. So, I mean, here, if we've got a clear precedent saying that a district court is supposed to consider certain factors before issuing such a sanction, then how can we do other than ask the district court to follow the law and give some reasons? Well, I mean, the only response to that, Your Honor, is that the appellate or this Court in the past has, rather than ask trial courts to for a statement of reasons, has simply reviewed the record as a whole. However, I do see that there is, you know, a narrow record here. And as I mentioned when I first came up here, if it would be, it's appellee's position, obviously, that this record before the Court does not show abuse of discretion. However, if it would please this Court to, or if it is the feeling of this Court to obtain a statement of reasons, then I could understand that conclusion. I understand. I think the Court understands your position. The Court also recognizes who the district judge was and how difficult it might be sometimes to get the Court to do what you want it to do. We are going to have to rule, and we'll have to rule on this record. Right. By the way, you don't come off smelling like a rosiness, either. Yeah. Let me address that fact, Your Honor. Thank you for bringing that point up. I did want to address that. Appellant's counsel referred to the fact that defendants were also dilatory, and that is not the case. And they raised that in their reply as well. Local Rule 16.7 squarely places the responsibility for preparing the pretrial order on the plaintiff. It is a joint pretrial, it is a joint statement, but it's not a joint responsibility to prepare and file. The defendants have a duty to cooperate. There's no evidence in the record that defendants failed to cooperate in any manner in this case. And the other hand, you didn't have a series of e-mails going out saying, listen, we have to get this damn order up for the judge. Let's get it done. Do you? Did you? Well, we did not have a series of e-mails, no, Your Honor. We did not. Okay. But the responsibility for filing that order is squarely placed on the plaintiffs. And we had cooperated in preparing, you know, joint exhibit lists and other documents. And, you know, based on that, I think it's fair to conclude that defendants would have cooperated with the pretrial order as well. Yes, sir. I think based on, you know, the you know, I would also like to, you know, there is the issue we raised also in our answering brief regarding the order that had recently been issued regarding the litigation's litigants. And although we set forth, you know, plenty of information. That's on the field, isn't it? I'll tell you that it is. And it's on the calendar today, so you. Well, right. But I just wanted to. The local rule, the local policy. Wasn't that order entered after this dismissal? So it doesn't seem like that order has anything to do with this dismissal. No, that order was issued before this dismissal. But the policy of the district court is to discourage fixation's litigation. And although, again, the record regarding Mr. Sorry, regarding the reasons why Mr. Molsky's case was dismissed is not set forth to the extent that it can be inferred that his fixation's litigation status. You have to do the best you can with what you've got. But what you've got here is a record that's less than complete. Isn't that so? It's sparse. Without any. We are placing all the blame on you. But that's the fact of the record. And we're going to decide it on the record. You can rely on that. Is there anything else you need to tell us? No, I think I've covered all my main points. All right. Is there any point in rebuttal? Yes, Your Honor. Well, we'll hear it. I hope you've got something to say, though. Going back to the Thompsons, five factors, and what the appellate has just indicated, looking at Molsky versus Mander and Touch, I think it's why it's so much more important that this case be decided on its merits, which is one of the criteria of Thompson. There is no risk of prejudice to the defendants. It would actually be a windfall. And although the plaintiff does have the burden to initiate the pre-trial conference, joint pre-trial conference order, there was still nothing that came from the defendants indicating that there was something that needed to be filed. You're not suggesting that if you're not reminded, your obligation is lessened, are you? No, I'm not saying that it is. But what I'm saying under Thompson, this would be a windfall to the defendants. There's absolutely no prejudice to them. It serves the public interest that this type of a case. Counsel, you can make that argument if you want. That's why I asked you if you had any rebuttal. You can make that argument if you want. But you know and I know that somebody's got to prepare. Somebody can't write closed on the file. They've got to come back again. That's prejudice, isn't it? Not to the degree. If you win, and you might, you're going to win on the status of the record. But the district court just didn't give us reasons. Did he? That's correct. And that's why I asked you if you had any rebuttal because you kind of got the drift that we see that the record isn't complete. Thank you. But when you say no prejudice, well, of course there's prejudice to the other side. Every time you have to come to court. It costs somebody some money. Okay. Counsel ready in the next case. Malesky v. Evergreen. One more time. Okay.
judges: Farris, Gould, Cff, Duffy